| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL XI | | |
| EDWIN ALONSO RODRÍGUEZ, en su capacidad de Albacea de la Sucn. Santos Alonso Maldonado  Peticionario  v.  MAYAGÜEZ RESORT & CASINO, INC. y DEBBIE ALONSO RODRÍGUEZ  Recurrido | TA2026CE00594 | *Certiorari* Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez  Caso Núm.: MZ2026CV00151  Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 8 de junio de 2026.

Comparece el señor Edwin Alonso Rodríguez (señor Alonso Rodríguez o Peticionario) y nos solicita la revocación de la *Resolución* notificada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario). En esta el TPI denegó una solicitud de descalificación de la representación legal de la señora Deborah Alonso Rodríguez (señora Alonso Rodriguez o recurrida) integrada por los licenciados Lee R. Sepulvado Ramos, Juan A. Frau Escudero y Gerardo J. Cruz Ortiz.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

**I.**

El señor Alonso Rodríguez funge como albacea de la Sucesión Santos Alonso Maldonado[1] y en dicha capacidad incoó una demanda sobre *injunction* estatutario, al amparo del inciso (D) del Artículo

---

[1] El señor Santos Alonso Maldonado falleció el 31 de enero de 2023 siendo viudo de la señora Iris M. Rodriguez Maldonado quien falleció el 13 de enero de 2023.

7.01 de la Ley Núm. 164-2009, conocida como la Ley General de Corporaciones, 14 LPRA sec. 3641, contra Mayagüez Resort & Casino, Inc. (MRC) y Debbie Alonso Rodríguez quien es la administradora y gerente general de MRC. Además, ella es albacea de la Sucesión de Iris M. Rodríguez Rosa y única accionista de la empresa ADCOM Group, Inc.

En esencia, el Peticionario adujo que, la señora Alonso Rodríguez mantiene el control sobre la operación de la corporación y no rinde cuentas a la Sucesión Santos Alonso Maldonado. Expuso que, no se ha celebrado la reunión de accionistas para elegir directores desde el fallecimiento de su accionista mayoritario, el señor Santos Alonso Maldonado. Mediante la solicitud de un *injunction* estatutario al amparo de la Ley de Corporaciones, *supra,* el albacea procuró que se ordenara la celebración de la reunión de accionistas en cumplimiento del estatuto invocado, entre otros asuntos.

Tras múltiples incidencias interlocutorias que resultan innecesarias pormenorizar, la señora Debbie Alonso Rodríguez se opuso a la acción promovida por el Peticionario. En esencia, arguyó que, MRC fue adquirido durante la vigencia del matrimonio entre el señor Santos Alonso Rodríguez y la señora Iris María Rodríguez Rosa, que duró más de 66 años bajo el régimen de sociedad legal de gananciales. Informó que, la comunidad post ganancial no ha sido liquidada. En su consecuencia, a su entender, ninguna de las sucesiones puede ejercer derechos como accionista de MRC por lo que la acción instada carece de méritos.

Trabada la controversia[2] y atinente el recurso ante nos, el peticionario presentó una *Moción para que se ordene la*

---

[2] Cabe señalar que, se han dilucidado casos y recursos relacionados, a saber: el caso civil núm. MZ2023CV01751 ante el TPI, los recursos apelativos números: TA2025CE00693, TA2025CE00361 y TA2025CE00692; además, el pleito federal Civil No. 25-CV-01475, respectivamente.

*descalificación inmediata de los Abogados Sepulvado, Frau Escudero y Cruz Ortiz, por estar incurriendo en representación simultánea adversa.* En su petitorio resaltó que, en el pleito civil MZ2023CV01751, el TPI emitió una *Resolución* descalificando los mismos abogados por incurrir en representación simultánea adversa, lo cual violenta el deber de lealtad impuesta en las Reglas de Ética Profesional para la Abogacía. Ello, por asumir representación legal, aunque formalmente distintos, son sustancialmente vinculados al mismo núcleo patrimonial sucesoral colocándola en posición profesional inaceptable. Planteó que, los abogados de Debbie Alonso Rodríguez comparecen en el caso de epígrafe como representantes de ésta en su capacidad de administradora o gerente general de MRC. A su vez, la representaron en un pleito federal civil núm. 25-CV-01475, en su carácter personal como albacea de la señora Iris Rodríguez Alonso y la corporación ADCOM Group, Inc. En este litigio federal, ella procura remedios económicos contra la Sucesión del señor Santos Alonso Rodríguez, la Sucesión de la señora Iris Rodríguez y el albacea Edwin Alonso Rodríguez. Adujo que lo antes, pone de manifiesto la doble lealtad inaceptable de los referidos togados.

Mediante su escrito instado el 9 de marzo de 2026 la recurrida plasmó se oposición al referido petitorio por entender que la premisa central en la que se centra es falsa.[3] Ello, por entender que la *Resolución* emitida en el caso civil núm. MZ2023CV01751 no constituye un estado de derecho vigente que vincule los abogados objetos de la presente solicitud. Abundó sobre el estado procesal del recurso TA2026CE00693 en el cual, un panel hermano ordenó la paralización de los procesos en el mencionado caso (civil núm. MZ2023CV01751) y el asunto se encuentra pendiente a la

---

[3] Entrada SUMAC núm. 18.

adjudicación correspondiente. Argumentó que, el Peticionario no tiene legitimación activa para presentar la solicitud de descalificación y tampoco identifica acto concreto alguno, que confiera conflicto de interés real. Sostuvieron que la postura del Peticionario se apoya en generalizar los resultados especulativos del pleito federal que no debe sustentar la descalificación solicitada.

Evaluado lo antes, el foro primario emitió el dictamen recurrido en el que denegó la solicitud de descalificación según presentada.[4]

Inconforme, el señor Edwin Alonso Rodriguez acude ante esta Curia y señala la comisión de los siguientes errores:

> Erró el TPI al concluir que no existía un conflicto de intereses real y actual bajo la Regla 1.7, al evaluar la representación de los abogados recurridos de forma aislada y al descartar indebidamente la relación sustancial entre este pleito, las reclamaciones federales contra los caudales hereditarios y los intereses personales, fiduciarios y corporativos de Debbie Alonso Rodríguez.

> Erró el TPI al concluir que Edwin Alonso carecía de legitimación activa para solicitar la descalificación de los abogados recurridos, bajo el fundamento de que no fue cliente ni excliente de estos.

> Erró el TPI al descartar la resolución de descalificación dictada en el caso MZ2023CV01751 bajo el fundamento de que no era final y firme, y al atribuirle a la concesión de un auxilio de jurisdicción y a una orden de mostrar causa un efecto revocatorio que no tienen en derecho.

> Erró el TPI al aplicar incorrectamente, en perjuicio de Edwin Alonso, el análisis de totalidad de las circunstancias requerido por Job Connection Center, al utilizar la complejidad del caso, el conocimiento especializado de los abogados recurridos, la etapa procesal del procedimiento, el posible retraso y una inferencia especulativa de propósito dilatorio como fundamentos para negar la descalificación solicitada.

En cumplimiento con nuestra *Resolución* emitida el 12 de mayo de 2026, la recurrida sometió su alegato intitulado *Oposición a Petición de Certiorari*, por lo que, con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

---

[4] Entrada SUMAC núm. 24.

### A. *Certiorari y la Descalificación de la representación legal*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias

específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

El Tribunal Supremo de Puerto Rico reconoció los efectos negativos que puede ocasionar la descalificación de un abogado en los derechos del representado y en el trámite judicial. *Job Connection Center v. Sup. Econo*, 185 D.P.R. 585, 599-601 (2012). Por ello, dicho Foro estableció que "si la descalificación es improcedente, el representante legal y, más importante aún, la parte afectada, debe contar con el derecho de revisar la misma y no tener que quedarse atado de brazos y desprovisto de una revisión". Íd., págs. 600-601. Añadió el Tribunal Supremo que el abogado descalificado no puede esperar a la solución final del pleito para solicitar la revisión de la descalificación, pues ya no estará en el mismo. Íd., pág. 601. Destacó que, no permitir la revisión de la descalificación menoscababa el derecho del abogado a prestar servicios remunerados y así ocasionar un fracaso de la justicia. Íd. Por las repercusiones que pudiera ocasionar el no revisar órdenes de descalificaciones, el Tribunal Supremo resolvió que sí lo eran de conformidad con la Regla 52.1 de Procedimiento Civil, *supra.* Íd. Véase además *Torres Alvarado v. Madera Atiles* 202 DPR 495, 505 (2019).

En su consecuencia, ante la existencia de jurisdicción para atender el recurso de *certiorari*, los criterios que el Tribunal de Apelaciones examina para ejercer la discreción sobre su expedición están definidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. XXII-B. La referida Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un abuso de discreción. *Meléndez v. Caribbean Int'l. News*, 151 D.P.R. 649, 664 (2000); *Meléndez v. F.E.I.*, 135 D.P.R. 610, 615 (1994).

De otra parte, cabe señalar que los tribunales tienen el poder inherente de supervisar la conducta de los abogados. Regla 9.3 de Procedimiento Civil, 32 L.P.R.A. Ap. V. En el ejercicio de dicho poder, los tribunales pueden, a solicitud de parte o por iniciativa propia, descalificar a un abogado por obstaculizar la sana administración de la justicia, o infringir sus deberes hacia el tribunal, representados o sus compañeros abogados. Íd. El proceso de descalificación no es una acción disciplinaria, sino que intenta prevenir una violación a los Cánones de Ética Profesional y evitar actos disruptivos por parte de los abogados durante el pleito. *Torres Alvarado v. Madera Atiles*, supra, *Job Connection Center v. Sups. Econo*, supra, pág. 596; *Meléndez v. Caribbean Int'l. News*, 151 D.P.R. 649, 660-661 (2000). Es incuestionable que la descalificación afecta los derechos de las partes y los procedimientos judiciales. Por tanto, el remedio de la descalificación no puede imponerse ligeramente. *Job Connection*

*Center v. Sups. Econo,* supra, págs., 596-597. Véase además *ORIL v. El Farmer, Inc.* 204 DPR 229 (2020).

Se desprende de la Regla 9.3 de Procedimiento Civil, *supra,* que la descalificación puede ser levantada por los tribunales o por una de las partes. Si el tribunal es quien promueve la descalificación a iniciativa propia, no se requiere prueba sobre una violación ética. *Job Connection Center v. Sups. Econo,* supra, pág., 597, citando a *Meléndez v. Caribbean Int'l. News,* supra; *Liquilux Gas Corp. v. Berríos, Zaragoza,* 138 D.P.R. 850, 864 (1995); y *In re Carreras Rovira y Suárez Zayas,* 115 D.P.R. 778, 792 (1984). En este caso basta la apariencia de impropiedad, o la necesidad de agilizar el pleito, para ordenar la descalificación. Íd. El Tribunal Supremo ha expresado que este curso de acción se permite pues los hechos que mueven a los tribunales a descalificar a un abogado por iniciativa propia suceden, generalmente, en su presencia. *Meléndez v. Caribbean Int'l. News,* supra, pág. 662.

Ahora bien, cuando la descalificación es solicitada por una de las partes, el Tribunal Supremo de Puerto Rico ha establecidos unas guías para examinar la totalidad de las circunstancias, a saber:

> (i) Si quien solicita la descalificación tiene legitimación activa para invocarla; (ii) la gravedad de la posible violación ética involucrada; (iii) la complejidad del derecho o los hechos pertinentes a la controversia y el *expertise* de los abogados implicados; (iv) la etapa de los procedimientos en que surja la controversia sobre la descalificación y su posible efecto en cuanto a la solución justa, rápida y económica del caso, y (v) el propósito detrás de la descalificación, es decir, si la moción se está utilizando como mecanismo para dilatar los procedimientos. (Citas omitidas). *Job Connection Center v. Sups. Econo,* supra, págs. 597-598.

En relación con el requisito de legitimación activa, el Tribunal Supremo ha expresado que el mismo se satisface cuando el promovente demuestra el efecto perjudicial o la desventaja indebida ocasionada por la representación legal. *Liquilux Gas Corp. v. Berríos, Zaragosa,* supra. De igual modo, quien solicita la descalificación tiene la obligación de probar los hechos que la justifican. *Otaño v.*

*Vélez*, 141 D.P.R. 820, 829 (1996). La Regla 1.7 (a)(1) y (a)(2) de las Reglas de Conducta Profesional de Puerto Rico aprobada mediante Resolución ER-2025-02 del 17 de junio de 2025 establece que una persona que ejerce la profesión de la abogacía no deberá representar a un cliente cuando la representación sea directamente adversa hacia otro cliente actual o cuando exista un riesgo significativo de que la representación esté sustancialmente limitada por los deberes del abogado hacia otro cliente actual, un cliente anterior, un tercero o por los intereses personales del abogado. El riesgo deberá ser concreto y significativo, no de índole especulativo.

El Tribunal Supremo de Puerto Rico ha reconocido que un abogado objeto de una solicitud de descalificación tiene derecho a ser oído y a presentar prueba antes de la adjudicación de la moción. Íd., pág. 828. Algunos factores que pueden operar en contra de la descalificación son: la etapa avanzada del pleito; el momento en que se objeta la representación legal; el efecto adverso que tenga la descalificación a la solución expedita del caso; y dejar desprovisto a la parte del abogado que escogió. Íd., pág. 829.

Por último, debemos apuntar que la determinación de derecho, realizada por el foro primario al descalificar a un abogado, tiene un grado alto de discreción relacionado al manejo procesal del caso. *Job Connection Center v. Sups. Econo*, supra, pág. 602, citando a *Meléndez v. Caribbean Int'l. News*, supra, pág. 664. Por lo tanto, la intervención de los foros apelativos se justifica solo ante la existencia de un craso abuso de discreción, pasión, prejuicio o un error manifiesto. *Lluch v. España Service Sta.*, 117 D.P.R. 729, 745 (1986); véase, además, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**III.**

En el presente caso, el TPI se negó a descalificar a los abogados que representan a la señora Debbie Alonso Rodriguez. El

Peticionario solicita la expedición del auto de *certiorari* y la revocación de dicha determinación interlocutoria. El dictamen interlocutorio que adjudica una solicitud de descalificación puede ser revisado al amparo de la Regla 52.1 de Procedimiento Civil, *supra.* Véase *Torres Alvarado v. Madera Atiles*, supra, así como *Job Connection Center v. Sup. Econo*, supra. Por lo tanto, a continuación, procederemos a ejercer nuestra facultad discrecional para determinar si se reúnen los criterios que sustenten su petitorio al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

La contención del señor Alonso Rodriguez resumida en sus cuatro señalamientos de error es que los representantes legales de la recurrida se encuentran impedidos de ejercer su profesión legal en este caso. El argumento principal expuesto en la *Petición de Certiorari* es que los abogados indicados mantienen representaciones concurrentes con intereses adversos en asuntos relacionados al caso de epígrafe. Ello, por entender que ellos mismos representan a MRC, así como, a la señora Debbie Alonso Rodríguez en los pleitos pendientes ante el TPI y a ADCOM Group, Inc., pendiente ante el foro federal. Arguye que, el TPI aplicó incorrectamente el criterio de requerir actuación concreta que el juicio profesional de los togados esté comprometido y, en su consecuencia, no reconocer la legitimación activa del Peticionario. Además, aunque reconoce que, la resolución emitida en el caso civil núm. MZ2023CV01751 sobre descalificación de los mismos abogados no es final y firme, y se encuentra paralizada por una determinación de un panel hermano, a su juicio, no resulta irrelevante para sustentar la presente solicitud de descalificación.

En su *Oposición a Petición de Certiorari,* la recurrida sostiene que el Peticionario se limita a repetir sus argumentaciones dilucidadas ante el TPI con el fin de que esta Curia sustituya el

criterio del foro primario. De esta forma, concluye que el promovente de la causa no ha cumplido con las exigencias y criterios que puedan fundamentar la expedición del auto y revertir el dictamen recurrido.

Al entender sobre el petitorio ante su consideración observamos que, el foro primario atendió las posturas de ambas partes y tras analizar el derecho aplicable determinó denegar la solicitud de descalificación. En su pronunciamiento destacó que, los abogados señalados no representan a la señora Debbie Alonso Rodríguez como albacea en el caso de epígrafe. El hecho que ella sea propietaria de ADCOM Group, Inc., no convierte las reclamaciones de esa entidad en reclamaciones del caudal que administra como albacea. Esbozó que, tampoco el peticionario es o ha sido cliente de los representantes legales objetos de la presente controversia, por lo que su nexo es como parte adversa, impidiendo así, alegaciones de conflicto prohibidos por la Regla 1.7, *supra*. De manera que no le reconoció la legitimación activa necesaria para lograr el remedio solicitado. A pesar de tomar conocimiento sobre las otras dos mociones de descalificación que el señor Alonso Rodriguez ha presentado contra los mismos abogados en otros pleitos, indicó que dichos petitorios no están resueltos de forma final y firme por lo que nada de lo expuesto en otros casos impide el ejercicio de su discreción en el presente.

Hemos analizado sosegadamente la causa ante nuestra consideración bajo el marco doctrinal previamente esbozado y colegimos que no surgen los criterios necesarios que permitan la intervención de esta Curia. Al revisar la *Resolución* recurrida podemos notar que, el TPI hizo el análisis de rigor considerando la totalidad de las circunstancias y la etapa procesal que se encuentra el caso, las cuales sostienen su pronunciamiento judicial. Luego de analizar con detenimiento las mociones y la decisión del TPI, no encontramos ningún indicio de pasión, prejuicio, parcialidad o error

manifiesto en la misma para justificar el petitorio promovido por el señor Alonso Rodríguez.

**IV.**

Por los fundamentos expuestos, denegamos la expedición del recurso de *certiorari* de conformidad con la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones